ORIGINAL



William M. Copeland, Esq.
Ohio S.B. No. 0005783
WILLIAM M. COPELAND &
ASSOCIATES, L.L.C.
4780 Socialville Foster Road
Mason, OH 45040
(513) 459-7683
Facsimile: (513) 574-0040

Of Counsel:
Alicia Curran, Esq.
LAW OFFICES OF BURT BARR
& ASSOCIATES, L.L.P.
304 South Record
Dallas, TX 75202
(214) 742-8001
Facsimile: (214) 741-6744
Attorneys for Plaintiff/Relator
John Ernest Boundy

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA *ex rel.,* )
JOHN ERNEST BOUNDY,               )        Civ. Action No.3:96-CV-0301-G
                                  )        Judge A. Joe Fish
   Plaintiff/Relator/Counter Defendant,  )
                                  )
   v.                             )        PLAINTIFF/RELATOR/
                                  )        COUNTER DEFENDANT'S
BERNARD J. DOLENZ, M.D.           )        MOTION FOR SUMMARY
                                  )        JUDGMENT AGAINST
   and                            )        DEFENDANTS BERNARD J.
                                  )        DOLENZ, M.D. AND DOLENZ
                                  )        CLINIC AND BRIEF IN
DOLENZ CLINIC                     )        SUPPORT THEREOF
                                  )
   Defendants.                    )

Pursuant to FRCP 56(b), Plaintiff/Relator/Counter Defendant John Boundy

("Boundy") respectfully moves this Court to reconsider its finding concerning Defendants

104

Dolenz and Dolenz Clinic's Counterclaim with respect to the allegation of contractual interference and for a Motion for Summary Judgment in Boundy's favor. In its Memorandum Order of May 30, 2002, this Court dismissed three of the four counts included in the Counterclaim filed by Defendants Dolenz and Dolenz Clinic ("Dolenz" or "Defendants Dolenz"). The count of contractual interference was reviewed under the standard for dismissal under Rule 12(b)(6) and, therefore, did not consider matters outside the pleadings. Relator/Counter Defendant respectfully requests this Court to reconsider its finding using the standard for summary judgment under Rule 56(b). Boundy has also supplemented his Rule 56(b) motion with an additional basis for dismissal, e.g. the two year statute of limitations bar Dolenz's cause of action and Dolenz cannot prove the elements of his tortious interference cause of action.

Plaintiff/Relator/Counter Defendant Boundy more fully sets forth his arguments in the attached Memorandum in Support.

Respectfully submitted,

William M. Copeland
William M. Copeland & Associates
4780 Socialville-Foster Road
Mason, OH 45040
Telephone: 513-459-7683
Facsimile: 513-574-0040

2

## MEMORANDUM IN SUPPORT

## I. INTRODUCTION.

The Defendants' Dolenz Counterclaim for contractual interference was not filed within the two year period required under Texas law and, therefore, summary judgment is proper.

In the alternative, the Defendants' Dolenz cannot prove each of the elements of its cause of action for contractual interference, and, therefore, summary judgment is proper.

## II. STATEMENT OF FACTS.

In this case, Boundy alleges that Dolenz filed medical claims with identical treatment codes to several different parties. Prior to making any allegations against Dolenz, Boundy investigated his concerns about Dolenz's practices. In the course of Boundy's investigation, Boundy discovered other victims of Dolenz's fraudulent billing practices. Additionally, as a result of his investigation, he ascertained that Dolenz repeatedly billed insurance carriers for services that were never performed. See Affidavit of John Ernest Boundy, June 18, 1999, attached hereto as Exhibit 1 (hereinafter "Boundy 6/18/99 Affidavit").

During the spring of 1994, Boundy exposed Dolenz triple billing scheme asserting that Dolenz "filed claims to the Office of Workers' Compensation, Department of Labor for (1) services not provided; (2) for services unbundled to raise the total charge for services; and (3) for services not necessary." In 1994, Dallas Channel Eight news produced and aired a two

3

part expose` on Dolenz with Boundy as the source of the information. See Boundy 6/18/99 Affidavit and the Affidavit of John Jones, April 8, 1999, attached hereto as Exhibit 2.

The day after the first newscast, Boundy was contacted by an attorney for the Federal Workers Compensation program. The workers compensation attorney had contacted the Channel Eight reporter and was referred to Boundy. Soon after discussing the information with the workers compensation attorney, Boundy was contacted by a postal inspector named Timms. Timms represented that she was part of the health care fraud task force operating in the northern part of Texas. In his discussion with Timms, Boundy reported that he had information that constituted evidence that Dolenz had filed "false and fraudulent" insurance claims. Based on this information, the Postal Inspection Service opened a mail fraud investigation and subsequently found that Dolenz "was engaging in rampant insurance fraud." See Affidavit of John E. Boundy, July 28, 1999 attached hereto as Exhibit 3.

In January 1996, plaintiff John Boundy ("Boundy") filed this *qui tam* action under the False Claims Act in federal court on behalf of himself and the United States against defendant Bernard J. Dolenz, M.D. ("Dolenz"), a physician and attorney, practicing medicine as Dolenz Clinic in Dallas, Texas. In his complaint, Boundy asserted each of the allegations referenced above. A copy of the Complaint is attached hereto as Exhibit 4. On December 2, 1996, the United States elected to intervene in the suit (see Exhibit 5) and on December 5, 1996, this Court granted the United States' motion to stay the civil action pending the outcome of the related criminal proceeding against Dolenz. Exhibit 6. On February 5, 1997, this Court

4

continued the stay. Exhibit 7. On April 7, 1997, the court granted the United States' motion to administratively close the civil case with the provision that Relator could move to have the case reopened when the criminal case was concluded. Exhibit 8. .

On August 3, 1998, Dolenz was found guilty of twelve counts of mail fraud and ordered to pay restitution of $1,680,501.47 to his victims, including $91,769.55 to the United States Department of Labor, the federal insurance carrier for workers' compensation claims made by federal workers. Exhibit 9. On August 13, 1999, following the government's decision to withdraw its intervention, this Court reopened the civil case, unsealed the *qui tam* complaint and ordered the complaint served on Defendants. Exhibit 10.

On December 21, 2000, Dolenz filed this Counterclaim against Boundy and others. Exhibit 11. On April 19, 2002, Relator brought an action pursuant to FRCP 12(b)(6) to dismiss the Counterclaim for failure to state a claim upon which relief can be granted or, in the alternative, pursuant to FRCP 56(b), a Motion for Summary Judgment in his favor. Exhibit 12. In its May 30, 2002 Memorandum Order, this Court granted Relator's motion on all counts except the contractual interference count. Exhibit 13.

### III. ARGUMENT.

#### Tortious Interference Into Contractual Relationships And Business

**A. Count III of the Counterclaim Is Barred by the Two Year Statute of Limitations under Texas Law.**

In Count III of the Counterclaim, Defendants allege "Tortuous (sic) Interference Into Contractual Relationships and Business." This allegation is barred by the two year statute of

limitations under Texas law. "Actions based upon tortious interference with an existing

contract, tortious interference with business relations, and slander of title are all controlled by

a two-year statute of limitations." *Hill v. Heritage Resources, Inc.* 964 S.W.2d 89, 116

(Tex.App.–El Paso 1997, pet. denied); *First Nat"l Bank v. Levine,* 721 S.W.2d 287, 288

(Tex. 1986). The statute begins to run when the cause of action accrues. Tex. Civ. Prac. &

Rem. Code § 16.003; *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex. 1977); *Zidell v. Bird,*

692 S.W.2d 550, 555 (Tex.App.–Austin 1985, no writ). "Generally, a cause of action

accrues, and the limitations period begins running, when a wrongful act causes some legal

injury, even if the fact of injury is not discovered until later." *Snell v. Sepulveda,* 75 S.W.3d

142, 144 (Tex.App.–San Antonio 2002) citing *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex. 1996). The

alleged injury would have had to occur in 1994, when Boundy exposed Dolenz triple billing

scheme and Dallas Channel Eight news aired a two part expose' on Dolenz. Defendants

Dolenz and Dolenz Clinic did not file this Counterclaim until December 21, 2000. That is

well beyond the statutory two year period allowed under Texas law.

Defendant/Counter Plaintiff Dolenz was obviously aware of the alleged injury of

tortious interference in the spring of 1994 when Boundy brought suit on behalf of Mildred

Avery against Dolenz in the District Court of Dallas County, Texas. He cannot claim that he

did not discover the injury until two years before his December 2000 Counterclaim, i.e. on or

after December 21, 1998. In fact, the patient and billing records Boundy used to bring suit

against Defendants/Counter Plaintiffs Dolenz and Dolenz Clinic in 1994 are the very facts

6

upon which Defendants/Counter Plaintiffs allegations herein are based. *Avery v. Dolenz and Dolenz Clinic, et al.*, Cause No. 93 5763 H (Dist. Ct. Dallas Co. 1993). Exhibit 14.

**B.      Defendants were not harmed by relator's conduct and relator's conduct was neither independently tortious or unlawful.**

Under Texas law, tortious interference with contract will not lie unless Defendants can prove that Relator's actions were either tortious or illegal. "In order to establish their tortious interference with contract claim, appellees must prove an underlying tortious or illegal act." *Allied Capital Corp. v. Cravens,* 67 S.W.3d 486, 491 (Tex. App. - Corpus Christi, 2002, no writ). The tort cause of action for interference with prospective contractual or business relation has long been recognized in Texas. However, the conduct that is actually prohibited has never been clearly defined. Conduct that is "'wrongful', 'malicious', (or) 'improper' . . . or done 'with the purpose of harming the plaintiff'" is prohibited, "but not conduct that is . . . **'privileged', or 'justified'**, even if intended to harm the plaintiff." *Wal-Mart Stores, Inc. v. Sturges,* 52 S.W. 3d 711, 712-13 (Tex. 2001)(Emphasis added). The Wal-Mart court held that,

> . . . to establish liability for interference with a prospective contractual or business relation the plaintiff must prove that it was harmed by the defendant's conduct that was either independently tortious or unlawful. By 'independently tortious' we mean conduct that would violate some other recognized tort duty. . . . by way of example, a defendant who threatened a customer with bodily harm if he did business with the plaintiff would be liable for interference because his conduct toward the customer – assault – was independently tortious, while a defendant who competed legally for the customer's business would not be liable for interference.

*Id.* at 713.

Relator's conduct was not independently tortious.

Moreover, Relator acted in a manner legally protected under the retaliation provisions of the False Claims Act. 31 U.S.C. §3730(h)). He was conducting an investigation in furtherance of bringing an action against Defendants for fraud against the United States Government and private insurance companies. His actions were neither tortious nor illegal.

In the course of his legal representation of a private citizen, Relator discovered that Defendants billed multiple insurance companies for the same treatment and billed for services not provided. Defendants' billing fraud encompasses private insurance companies as well as the federal government. Exhibit 3.

Among patients being treated by Defendants was Ms. Charlotte Corbin, an employee of the Army and Air Force Exchange Service. Ms. Corbin was injured on the job and, after seeing Defendant Dolenz, made claims for workers compensation. Her deposition and Dr. Dolenz's deposition were taken in connection with a United States Department of Labor administrative hearing. These two depositions establish that Dr. Dolenz billed for services not provided, billed for unnecessary services, and unbundled services to increase his billings to the United States Government. These Depositions are attached hereto as Exhibits 14 and 15 respectively.

These actions by Relator are not only not illegal, they are activities that Congress encouraged others to report in passing the amendments to the False Claims Act. The intent of Congress in enacting the 1986 amendments to the Act was to provide incentives to private citizens to help in controlling rampant fraud against the United States Government. See

8

comments by Sen. Grassley at132 Cong. Rec. S15036.   The actions of Relator were in furtherance of these Congressional objectives.

Therefore, summary judgment is proper since Defendants Dolenz cannot prove a necessary element of their alleged cause of action.

**C.      This Counterclaim Falls Under the Classification of "Strategic Lawsuits Against Public Participation."**

Actions initiated by defendants in counterclaims with the intent of harassing, intimidating, and punishing plaintiffs for bringing a suit to right a wrong against the public are identified as "Strategic Lawsuits Against Public Participation" ("SLAPP") and are recognized in many states as illegal.  Such an action was recognized for what it constituted in this District in 1997 by Judge Joe Kendall. *Venable, et al. v. Kever, et al.*, 960 F. Supp. 110, 110 (N.D. Tex. 1997).  The Ninth Circuit has also upheld the use of the California "Anti-SLAPP" statute as a defense to  counterclaims in a False Claims Act action.  *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

"The hallmark of a SLAPP suit is that is lacks merit, and is brought with the goals of obtaining an economic advantage over a citizen party by increasing the cost of litigation to the point that the citizen party's case will be weakened or abandoned, and of deterring future litigation." *Wilcox v. Superior Court,* 27 Cal. App. 4th 809, 816 (1994).  Such is the case here. Dolenz's Counterclaim is for no other reason than to harass and attempt to intimidate Relator and his counsel.  It is a waste of this Court's time and summary judgment should be granted.

## IV. CONCLUSION

The Dolenz Defendants' Counterclaim for tortious interference was not filed within the statutory period for limitations for such actions and summary judgment for Relator/Counter Defendant Boundy should be granted. In the alternative, the Dolenz Defendants, there is no evidence that Boundy's conduct was either unlawful or illegal, and therefore there is no viable cause of action for tortious interference and summary judgment is proper. Finally, pursuant to in the doctrine of SLAPP, the Dolenz Defendants' counterclaim should be dismissed. Relator/Counter Defendant John Ernest Boundy respectfully requests that this Court grant this Motion for Summary Judgment.

Respectfully submitted,

William M. Copeland, Esq.
WILLIAM M. COPELAND &
ASSOCIATES, L.L.C.
4780 Socialville Foster Road
Mason, OH 45040
(513) 459-7683

Of Counsel:
Alicia Curran, Esq.
LAW OFFICES OF BURT BARR &
ASSOCIATES
304 South Record
Dallas, TX 75202
(214) 742-8001

Attorneys for Plaintiff/Relator
John Ernest Boundy

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed by U.S. Postal Service, postage prepaid, to the following this _____ day of July 2002:

Phillip C. Umphress
Assistant U.S. Attorney
1100 Commerce St., 3rd Floor
Dallas, TX 75242

Bernard J. Dolenz, M.D.
Dolenz Clinic
Registration #31480-077
Forrest City Correctional Facility
P.O. Box 8000
Forrest City, AR 72336-7000

William M. Copeland