ORIGINAL

William M. Copeland, Esq.
Ohio S.B. No. 0005783
WILLIAM M. COPELAND &
ASSOCIATES, L.L.C.
4780 Socialville Foster Road
Mason, OH 45040
(513) 459-7683
Facsimile: (513) 574-0040

Of Counsel:
Alicia Curran, Esq.
LAW OFFICES OF BURT BARR
& ASSOCIATES, L.L.P.
304 South Record
Dallas, TX 75202
(214) 742-8001
Facsimile: (214) 741-6744
Attorneys for Plaintiff/Relator
John Ernest Boundy



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 25 2002
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, JOHN ERNEST BOUNDY, | Civ. Action No.3:96-CV-0301-G Judge A. Joe Fish |
| Plaintiff/Relator/Counter Defendant, | |
| v. | PLAINTIFF/RELATOR'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS BERNARD J. DOLENZ, M.D. AND DOLENZ CLINIC AND BRIEF IN SUPPORT THEREOF |
| BERNARD J. DOLENZ, M.D. and DOLENZ CLINIC | |
| Defendants. | |

Pursuant to FRCP 56(b), Plaintiff/Relator John Ernest Boundy ("Boundy") respectfully moves this Court for a Motion for Summary Judgment in Boundy's favor.

106

Plaintiff/Relator Boundy more fully sets forth his arguments in the attached Memorandum in Support.

Respectfully submitted,

*/s/ William M. Copeland*

William M. Copeland
William M. Copeland & Associates
4780 Socialville-Foster Road
Mason, OH 45040
Telephone: 513-459-7683
Facsimile: 513-574-0040

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION.

In this case, Plaintiff/Relator John Boundy ("Boundy") alleges that Defendants Dolenz and Dolenz Clinic ("Dolenz" or "Defendants Dolenz") filed medical claims with identical treatment codes to several different parties. The allegations in this Complaint are based on the facts and claims that have been previously adjudicated by Judge Ted M Akin of the 160th Judicial District, District Court of Dallas County, Texas on August 9, 1995. A copy of Plaintiff's Eighth Amended Original Petition, which delineates these allegations, and Judge Akin's judgment are included in the Appendix at Exhibit 1 and 2 respectively. These allegations made in the current Complaint are *res judicata* under the doctrine of collateral estoppel and, therefore, summary judgment is proper.

### II. STATEMENT OF FACTS.

In this case, Boundy alleges that Dolenz filed medical claims with identical treatment codes to several different parties. Prior to making any allegations against Dolenz, Boundy investigated his concerns about Dolenz's practices. In the course of Boundy's investigation, Boundy discovered other victims of Dolenz's fraudulent billing practices. Additionally, as a result of his investigation, he ascertained that Dolenz repeatedly billed insurance carriers for services that were never performed. See Affidavit of John Ernest Boundy, June 18, 1999, attached hereto as Exhibit 3 (hereinafter "Boundy 6/18/99 Affidavit").

During the spring of 1994, Boundy, while representing Mildred Avery, a federal employee, discovered through claims sent to him by Dolenz that Dolenz was engaging in a scheme to defraud the federal and state workers compensation programs and various commercial insurance carriers. After conducting an investigation to verify his initial findings, Boundy exposed Dolenz's triple billing scheme asserting that Dolenz "filed claims to the Office of Workers' Compensation, Department of Labor for (1) services not provided; (2) for services unbundled to raise the total charge for services; and (3) for services not necessary." These claims, along with others, were the subject of a lawsuit, *Mildred Avery v. Bernard Dolenz, et al.,* Cause No. 93 - 5763 - H, in the District Court of Dallas County, Texas, 160th Judicial District. See Exhibit 1. The lawsuit was originally filed by Dolenz against ITT Hartford, the workers compensation carrier for federal workers such as Avery, using an assignment of claims from Avery as the basis of his action. After Avery intervened, the court dismissed ITT Hartford and realigned the parties with Avery as plaintiff and Dolenz as defendant. Exhibit 3 at 2.

As a result of testimony during this lawsuit, Dallas Channel Eight news produced and aired a two part expose` on Dolenz with Boundy as the source of the information. See Affidavit of John Jones at Exhibit 4. The day after the first newscast, Boundy was contacted by an attorney for the Federal Workers Compensation program. The workers compensation attorney had contacted the Channel Eight reporter and was referred to Boundy. Soon after discussing the information with the workers compensation attorney, Boundy was contacted by a postal inspector named Timms. Timms represented that she

4

was part of the health care fraud task force operating in the northern part of Texas. In his discussion with Timms, Boundy reported that he had information that constituted evidence that Dolenz had filed "false and fraudulent" insurance claims. See Exhibit 5. Based on this information, the Postal Inspection Service opened a mail fraud investigation which eventually showed that Dr. Dolenz was engaging in rampant insurance fraud. See Exhibits 5 & 11 (conviction).

In January 1996, plaintiff Boundy filed this *qui tam* action under the False Claims Act in federal court on behalf of himself and the United States against defendant Dr. Dolenz, a physician and attorney, practicing medicine as Dolenz Clinic in Dallas, Texas. In his complaint, Boundy asserted each of the allegations referenced above. A copy of the Complaint is attached hereto as Exhibit 6. On December 2, 1996, the United States elected to intervene in the suit (see Exhibit 7) and on December 5, 1996, this Court granted the United States' motion to stay the civil action pending the outcome of the related criminal proceeding against Dolenz. Exhibit 8. On February 5, 1997, this Court continued the stay. Exhibit 9. On April 7, 1997, the court granted the United States' motion to administratively close the civil case with the provision that Relator could move to have the case reopened when the criminal case was concluded. Exhibit 10.

On August 3, 1998, Dolenz was found guilty of twelve counts of mail fraud and ordered to pay restitution of $1,680,501.47 to his victims, including $91,769.55 to the United States Department of Labor, the federal insurance carrier for workers' compensation claims made by federal workers. Exhibit 11. On August 13, 1999, following the government's

decision to withdraw its intervention, this Court reopened the civil case, unsealed the *qui tam* complaint and ordered the complaint served on Defendants. Exhibit 12.

### III. ARGUMENT.

**The Allegations of the Complaint Have Been Adjudicated in Texas State Court and Are Precluded from Relitigation under the Doctrine of Collateral Estoppel.**

The related doctrines of collateral estoppel, which results in issue preclusion, and res judicata, which results in claim preclusion, have long been recognized by the federal courts. Boundy's claims against Dolenz are subject to the doctrine of collateral estoppel and as such summary judgment should be rendered in favor of Boundy.

Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision precludes the issue being tried again in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 104 (1980). Such a standard has now been codified in The Full Faith and Credit Act, 28 U.S.C. S 1738, which requires that federal courts "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "This is so even if 'the state court's decision may have been erroneous.'" 449 U.S. at 101.

State law governs the preclusive effect of a state court judgment in a federal proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914-15 (9th Cir. 1993), cert. denied, 114 S.Ct. 2675 (1994). Under Texas law, collateral estoppel prevents a party from re-litigating a particular fact issue the party has already litigated and lost in an earlier suit. *Quinney Elec., Inc. v. Kondos Entertainment, Inc.*, 988 S.W.2d 212, 213 (Tex.

1999); *Sysco Food Serv., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). In order to assert the bar of collateral estoppel, a party must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. *Id.*

### A. The facts sought to be litigated by the Defendants in this action were fully and fairly litigated in the District Court of Dallas County, Texas action.

The District Court of Dallas County, Texas lawsuit was originally brought by Defendant Dolenz. Exhibit 1 at 5. After Avery intervened, the court dismissed the original defendant and realigned the parties with Avery as plaintiff and Dolenz as defendant. Exhibit 3 at 2. Defendant Dolenz, "individually and d/b/a Dolenz Clinic, appeared in person" and through counsel. Exhibit 2 at 2.

In the instant action, Boundy alleges that "Dr. Dolenz and the Dolenz Clinic filed claims to the Office of Workers Compensation, Department of Labor (1) for services not provided; (2) for services unbundled to raise the total charge for the services; and (3) for services not necessary." A copy of the Complaint is attached at Exhibit 6. Said allegations are found at page 7 of the Complaint at paragraph 19. These are precisely the facts alleged by Avery in Plaintiff's Eighth Amended Original Petition at 6: "Defendant Dolenz . . . was billing three separate entities for the same medical treatment provided her and billed for medical treatments not actually rendered to Plaintiff Avery." See Exhibit 1.

The court, in the Avery lawsuit, made its decision, "[A]fter reviewing the pleadings and proceedings . . ." Defendant Dolenz' pleadings were stricken because of violations of

7

Rule 13 of the Texas Rules of Civil Procedure. The court entered judgment in favor of the plaintiff, finding that Defendant Dolenz "has ADMITTED the allegations as set forth in Plaintiff's Eighth Amended Original Petition." Exhibit 2 at 2.

Therefore, the first element of the collateral estoppel doctrine is met since the facts sought to be litigated by them were fully and fairly litigated in the action in state court. Summary judgment therefore is proper.

### B. The facts sought to be litigated by the Defendants in this action were essential to the judgment in the action in the District Court of Dallas County, Texas.

There is not question that the facts that are the subject of this lawsuit were the essential facts of the lawsuit in the Dallas County lawsuit. As stated above, Boundy alleges that "Dr. Dolenz and the Dolenz Clinic filed claims to the Office of Workers Compensation, Department of Labor (1) for services not provided; (2) for services unbundled to raise the total charge for the services; and (3) for services not necessary." See Exhibit 6. Plaintiff's Eighth Amended Original Petition alleges:

> Further, Defendant Dolenz . . . used Plaintiff [Avery] in a redesigned and calculated scheme to obtain reimbursement for medical treatments not actually provided. . . .
>
> Further, Defendant Dolenz breaches his fiduciary duty in exploiting the vulnerability of his patients when he manipulates their thinking to include that insurance companies are "big multi-million dollar conglomerates out to beat up on the little people" and that he is the "champion of the little people" who will protect them. When in reality, he is only using these patients as a mere tool to **collect monies for services not provided and/or from sources of revenue not obligated to him.**

Exhibit 1 at 10-11(emphasis added).

8

The Petition continues: ". . . he wholly failed to advise [Avery] that he was also going to potentially implicate her in a possible **insurance fraud by billing multiple parties, billing for services not actually provided** and use Plaintiff as a mere tool or conduit to collect monies." *Id.* at 14 (emphasis added).

Therefore, since the second element of collateral estoppel: facts that were essential to the judgment in the first action are essential to the second action, is met, summary judgment is proper.

### C.   The parties in this action were cast as adversaries in the action in the District Court of Dallas County, Texas.

The real party in interest in the instant lawsuit is the United States Government. The alleged false claims were submitted to the Office of Workers Compensation, United States Department of Labor. Complaint, Exhibit 6 at 7. Boundy, the Relator in this case, was counsel for Mildred Avery, the Plaintiff in the District Court of Dallas County, Texas case. See Exhibit 3 at 1. The allegations in the Dallas County case were that Mrs. Avery was harmed by the fraudulent, deceptive and erroneous billing practices of Dolenz when he billed the United States Department of Labor for inappropriate care and/or care that was not provided or not provided as claimed as well as billing other third party payors for the same claims. See Exhibit 1 at 6. The Dallas County Court found that Dolenz fraudulently billed the Department of Labor as well as other third party payors for the exactly the same services and for services not provided and/or not provided as claimed. Exhibit 2 at 2. Originally, the parties in the case were Dolenz and ITT Hartford, the third party

9

administrator for the Department of Labor Workers Compensation Program. After Avery intervened, the court dismissed Hartford from the case and realigned the parties with Avery as plaintiff and Dolenz as defendant.   Exhibit 3 at 2.

Therefore, the third element of collateral estoppel is met and summary judgment is proper.

## IV. CONCLUSION

The facts of this case have already been adjudicated by the District Court of Dallas County, Texas and relitigation of the facts and issues in this case is precluded by the doctrine of collateral estoppel.  Realtor John Ernest Boundy respectfully requests that this Court grant this Motion for Summary Judgment.

                    Respectfully submitted,

*/s/ William M. Copeland*
William M. Copeland, Esq.
WILLIAM M. COPELAND &
ASSOCIATES, L.L.C.
4780 Socialville Foster Road
Mason, OH 45040
(513) 459-7683

Of Counsel:
Alicia Curran, Esq.
LAW OFFICES OF BURT BARR &
ASSOCIATES
304 South Record
Dallas, TX  75202
(214) 742-8001

Attorneys for Plaintiff/Relator
John Ernest Boundy

10

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed by U.S. Postal Service, postage prepaid, to the following this _____ day of July 2002:

Phillip C. Umphress
Assistant U.S. Attorney
1100 Commerce St., 3rd Floor
Dallas, TX 75242

Bernard J. Dolenz, M.D.
Dolenz Clinic
Registration #31480-077
Forrest City Correctional Facility
P.O. Box 8000
Forest City, AR 72336-7000

William M. Copeland